IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-798-DII |
| SOUTHWEST KEY PROGRAMS, INC., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Defendant Southwest Key Programs, Inc.'s ("Southwest Key") Motion to Stay Discovery, (Mot. Stay, Dkt. 28). Plaintiff United States of America ("the United States") filed a Response, (Dkt. 29), and Southwest Key filed a Reply, (Dkt. 30). After reviewing the parties' motions and the relevant law, the Court will deny the motion to stay the case.

**I. BACKGROUND**

Southwest Key is a nonprofit organization that provides shelter care services to the Office of Refugee Resettlement, the federal agency tasked with custody of unaccompanied immigrant children apprehended by law enforcement after illegally entering the United States. (Mot. Stay, Dkt. 28, at 1). On July 17, 2024, the Department of Justice filed the instant complaint on behalf of the United States, alleging a cause of action under the Fair Housing Act. (*Id.* at 2). On September 23, 2024, Southwest Key filed a Rule 12(b)(6) motion to dismiss, (Dkt. 24), which is now fully briefed and pending before the Court. Southwest Key seeks a stay in discovery during the pendency of its motion to dismiss. (Mot. Stay, Dkt. 28).

**II. LEGAL STANDARD**

A district court has the inherent power to stay proceedings, which is incidental to its power to control the disposition of its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N Am.*

*Co.*, 299 U.S. 248, 254-55 (1936); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708. In determining whether a stay is proper, the district court should consider three factors: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by granting a stay. *See La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, Civ. A. No. 09-CV-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009). When exercising its discretion, the Court is "guided by the policies of justice and efficiency." *Boudreaux v. Metro. Life Ins. Co.*, Civ. A. No. 95-CV-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995).

### III. DISCUSSION

The Court does not find good cause here. "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016); *see also Heston, Next Friend of A.H. v. Austin Indep. Sch. Dist.*, No. 1:21-CV-35-RP, 2024 WL 3748051, at *1 (W.D. Tex. July 1, 2024); *Hendler Flores Law PLLC v. Devlin Law Firm LLC*, 1:23-CV-629-RP, 2024 WL 3829562, at *2 (W.D. Tex. Aug. 14, 2024). As one district judge has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

Southwest Key argues that the Court should stay discovery because its resolution of the motion to dismiss may preclude the need for or narrow the scope of discovery. (Mot. Stay, Dkt. 28, at 4–6). Discovery would impose "considerable burdens" and would be "unquestionably expensive and time-consuming." (*Id.*). These arguments are widely applicable and would justify a stay whenever

2

any party files a motion to dismiss in any case—a practice this Court does not adopt. Southwest Key has not provided any details as to why discovery is so unduly burdensome or expensive that it should be stayed while Southwest Key's motion to dismiss is pending. Therefore, the Court finds no reason to justify a rare departure from this Court's usual practice to grant such a stay under these circumstances.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Southwest Key's Motion to Stay Discovery, (Mot. Stay, Dkt. 28)., is **DENIED**.

**SIGNED** on January 10, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE