UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 1:24-CV-00798-ADA |
| | § | |
| Southwest Key Programs, Inc., | § | |
| | § | |
| *Defendant*. | § | |

**DOCKET CONTROL ORDER**

On February 3, 2025, this case was reassigned to Judge Albright. Dkt. 32. Before the reassignment, the parties filed a proposed scheduling order using Judge Pitman's standard form. Dkt. 26. But Judge Pitman did not enter the proposed scheduling order before this case was reassigned.

**IT IS ORDERED** that the parties shall file a joint proposed scheduling order using Judge Albright's standard form **on or before February 21, 2025.** Judge Albright's form can be accessed on the Western District of Texas's website (https://www.txwd.uscourts.gov) by selecting "Judges' Info," "Standing Orders," and choosing the category "US District Judge Alan Albright." The parties shall email their proposed scheduling order in Word format to TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov **on or before February 21, 2025.**

**IT IS FURTHER ORDERED** that discovery disputes be resolved in the following manner:

**Procedure.** A party may not file a Motion to Compel discovery unless: (1) lead counsel with decision making authority have met and conferred in good faith to try to resolve the dispute, and (2) the party has contacted the Court's law clerk to summarize the dispute and the parties' respective positions.[1] When contacting the Court's law clerk for discovery or procedural disputes, the following procedures shall apply:

If the parties remain at an impasse after lead counsel have met and conferred, the requesting party shall email a summary of the issue(s) and specific relief requested to all counsel of record. The summary of the issue shall not exceed 500 words for one issue or a combined 1,000 words for multiple issues. The responding party has 3 business days[2] thereafter to provide an email response, also not to exceed 500 words for one issue or a combined 1,000 words for multiple issues. The specific relief requested should propose the exact language to be issued in a court order for each part of every disputed issue. The specific relief requested does not count toward the word limits. The Court encourages the parties to provide their submission in a Word document in the following table format, which clearly identifies the disputed issues and specific relief requested.

Example:

| Issue | Requesting Party's Position | Responding Party's Position |
|---|---|---|

---

[1] The procedure outlined below is also the Court's preferred mechanism for handling disputes regarding procedural matters such as extensions of time, excess pages, etc. If the parties are unsure about whether a particular dispute should be handled by motion or discovery dispute procedure, they should contact the Court's clerks.
[2] Business days exclude weekends and federal holidays.

| RFP 1: All sale records of the Product. | Responding Party didn't produce anything. Responding Party keeps its sales records in a sales database.<br><br>Relief: Order that "Responding Party must produce a copy of the sales database within 7 days." | We found no sales records of the Product in the sales database.<br><br>Relief: Find that "no documents responsive to RFP 5 exist" and deny Requesting Party's relief. |
|---|---|---|
| ROG 5: Identify all employees who worked on the Product. | Responding Party only identified a subset of the employees.<br><br>Relief: Order that "Responding Party is compelled to fully respond to ROG 5 by identifying the names and locations of the remaining employees who worked on Product by [date]." | We identified the relevant employees. The other employees are not relevant, and it is too burdensome to identify every employee.<br><br>Relief: Order that "Responding Party need not identify any other employees in response to ROG 5." |

Once the opposing party provides its response, the requesting party shall email the summaries of the issues to the Court's law clerks for Judge Albright with opposing counsel copied. If a hearing is requested, the parties shall indicate in the email whether any confidential information will be presented. Thereafter, the Court will provide guidance to the parties regarding the dispute or arrange a Zoom or in-person hearing.

**Written Order.** Within 7 days of the discovery hearing, the parties shall email a joint proposed order to the Court's law clerk that includes the parties' positions from their dispute chart, the parties' requested relief, and the parties' understanding of the Court's ruling so that the arguments and outcome can be docketed. Parties shall send an editable version of the proposed order to the Court's law clerk with any

disputed language in red and blue text. Parties shall indicate whether the order should be sealed. Failure to provide a proposed written order for the docket results in waiver of the dispute for appeal.

The Court would also like to relay the following to the parties:

1. Judge Albright is not opposed to counsel contacting his law clerks for matters of preference or non-substantive matters. His law clerks are well-trained on what is or isn't a substantive matter and will refuse to communicate in an ex-parte manner on any substantive matters. Parties should generally email any inquiries to the Court's law clerk. The Court's voicemail is not checked regularly. Email is the preferred contact method. Messages directed only to Judge Albright's law clerks may be sent to: [TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov](mailto:TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov).

2. The Court has recently faced a spate of discovery objections that do not track the 2015 amendments to the Federal Rules. Please remember that boilerplate objections are unacceptable.

3. Speaking objections during depositions are improper. Objections during depositions shall be stated concisely and in a nonargumentative and nonsuggestive manner. Examples of permissible objections include: "Objection, leading," "Objection, compound," "Objection, vague." Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege. Judge

Albright is available during depositions if you feel a deponent is being evasive or his or her respective counsel is improperly objecting or invoking privilege. Please call the Court if this is happening; Judge Albright will resolve the matter and admonish the deponent to respond appropriately.

4. Submission of a USB drive containing exhibits or briefs for motions for summary judgment and other dispositive motions is disfavored. Instead, the Party shall contact the Court's law clerk for a Box link to provide an electronic copy of the exhibits.

5. Parties shall promptly notify the Court if they reach a settlement in a case and request to stay any deadlines.

**SIGNED** on February 12, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE